Molly E. Danahy
Andres Haladay
Rylee Sommers-Flanagan
Upper Seven Law
P.O. Box 31
Helena, MT 59624
(406) 998-6067
molly@uppersevenlaw.com
andres@uppersevenlaw.com
rylee@uppersevenlaw.com

*Attorneys for Petitioner*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| CHRISTOPHER MARTINEZ MARVAN,<br><br>*Petitioner*,<br><br>v.<br><br>JOHN DOE, Helena Field Office Director, United States Immigration and Customs Enforcement; BRUCE SCOTT, Warden, Northwest Immigration and Customs Enforcement Processing Center; DREW BOSTOCK, Seattle Field Office Director, Enforcement and Removal Operations, United States Immigration and Customs Enforcement; TODD M. LYONS, Acting Director, United States Immigration and Customs Enforcement; KRISTI NOEM, Secretary, United States Department of Homeland Security; PAMELA BONDI, Attorney General of the United States, *in their official capacities*,<br><br>*Respondents*. | **Civil Action No.** _____<br><br>**PETITION FOR WRIT OF HABEAS CORPUS** |

**PETITION FOR A WRIT OF HABEAS CORPUS**
**PURSUANT TO 28 U.S.C. § 2241**

1. Christopher Martinez Marvan is a Mexican citizen and national who resides in Helena, Montana. Christopher entered the United States with his parents in 2008, as a minor. His family lived in Helena, where he remained until 2014. In 2014, he and his wife, a U.S. Citizen, moved to Mexico. They subsequently returned to Helena and live here with their children, also U.S. Citizens.

2. On July 1, 2025, Christopher was stopped by the Helena Police Department while driving to pick up his daughter from her grandparents' home. An officer informed Christopher that he was stopped because he fit the description of two other individuals that the officer was looking for. The Helena Police Department office did not issue Christopher a traffic citation.

3. Subsequently, unidentified individuals arrived in an unmarked van, removed Christopher from the custody of the Helena Police Department, and detained him. On information and belief, these individuals are Immigration and Customers Enforcement officers (hereinafter "ICE").

4. On information and belief, ICE detained Christopher at the Lewis and Clark County Jail ("the Jail") at 221 Breckenridge Ave. in Helena, Montana, until about 5 p.m. on Tuesday, July 1, 2025.

5. On information and belief, Christopher has been physically removed by ICE from the Jail and is currently being transported to an ICE detention center.

6. On information and belief, Christopher is being transported by car through the state of Montana.

7. Christopher challenges his detention as an unreasonable seizure under the Fourth Amendment.

8. Christopher respectfully requests that this Court grant him a Writ of Habeas Corpus and order Respondents to immediately release him from custody. Christopher seeks habeas relief under 28 U.S.C. § 2241, which is the proper vehicle for challenging civil immigration detention. *See Flores-Torres v. Mukasey*, 548 F.3d 708, 711 (9th Cir. 2008) (finding habeas is appropriate vehicle for challenge to detention in the absence of a final order of removal).

9. Christopher also respectfully requests that this Court enter an order preventing his removal from Montana while his petition is considered, to preserve this Court's jurisdiction over his habeas claims.

10. Finally, Christopher respectfully requests that the Court allow expedited discovery of the bases asserted for his stop by the Helena Police Department and for his detention by ICE, in support of this petition.

## CUSTODY

11. Christopher is in the physical custody of Respondents. Christopher is currently detained and in transit in the state of Montana. He is under the direct control of Respondents and their agents.

## JURISDICTION

12. This Court has jurisdiction to hear this habeas petition under 28 U.S.C § 1331, 28 U.S.C. § 2241, and the Fourth Amendment, U.S. Const. amend. IV.

## VENUE

13. Venue is proper in this district under 28 U.S.C. § 1391 and 28 U.S.C. § 2242 because at least one Respondent is in this District, Christopher is detained in this District, Christopher's immediate physical custodian is located in this District, and a substantial part of the events giving rise to the claims in this action occurred in this District. *See generally Rumsfeld v.*

*Padilla,* 542 U.S. 426, 434 (2004) ("for core habeas petitions challenging present physical confinement, jurisdiction lies in . . . the district of confinement").

## REQUIREMENTS OF 28 U.S.C. § 2243

14. The Court must grant the petition for writ of habeas corpus or order Respondents to show cause "forthwith," unless the petitioner is not entitled to relief. 28 U.S.C. § 2243. If an order to show cause is issued, the Respondents must file a return "within three days unless for good cause additional time, not exceeding twenty days, is allowed." *Id*.

15. Habeas corpus is "perhaps the most important writ known to the constitutional law . . . affording as it does a *swift* and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963) (emphasis added).

## PARTIES

16. On information and belief, Christopher is currently in the custody of Respondents John Doe and is currently in transit in Montana en route to a federal detention center. He has been in ICE Custody since on or about July 1, 2025, when he was detained in Helena, Montana, by the Helena Police Department and ICE.

17. Respondent John Doe is the Director of the Helena ICE Field Office with physical and administrative custody over Christopher and is named in his official capacity.

18. Respondent Bruce Scott is the Warden of the Northwest Immigration and Customs Enforcement Processing Center. He is a legal custodian of Christopher and is named in his official capacity.

19. Respondent Drew Bostock is the Field Office Director responsible for the Seattle ICE Field Office with administrative jurisdiction over Christopher. He is a legal custodian of Christopher and is named in his official capacity.

20. Respondent Todd M. Lyons is the Acting Director of ICE. He is a legal custodian of Christopher and is named in his official capacity.

21. Respondent Kristi Noem is the Secretary of DHS. She is a legal custodian of Christopher and is named in her official capacity.

22. Respondent Pamela Jo Bondi is the Attorney General of the United States Department of Justice. She is a legal custodian of Christopher and is named in her official capacity.

## STATEMENT OF FACTS

23. Christopher is a thirty-one year old citizen and national of Mexico. He came to the United States as a child, with his parents, in 2008 and settled in Helena, Montana. While in school, Christopher met Maria Pacheco, a United States citizen, who he later married and has children with. Christopher's and Maria's children are also United States citizens. In 2014, Christopher and Maria left the United States and moved to Mexico.

24. Several years later, Christopher and Maria moved their family back to Helena.

25. On July 1, 2025, Christopher was stopped by the Helena Police Department while driving to pick up his daughter from her grandparents' home. An officer informed Christopher that he was stopped because he fit the description of two other individuals that the officer was looking for. The Helena Police Department office did not issue Christopher a traffic citation resulting from the stop.

26. Subsequently, unidentified individuals arrived in an unmarked van, removed Christopher from the custody of the Helena Police Department, and detained him. On information and belief, these individuals are Immigration and Customers Enforcement officers (hereinafter "ICE").

27. Christopher was booked into the Lewis and Clark County Jail on or around 1:52 p.m. on July 1, 2025.

28. On information and belief, Christopher was physically removed by ICE from the Jail on or around 5:00 p.m. on July 1, 2025 and is currently being transported by vehicle to an ICE detention center.

29. At the time that ICE removed Christopher from the Jail, attorneys Andres Haladay and Lydia Dal Nogare were present and had requested to meet with Christopher to arrange representation. Christopher's wife Maria requested that Haladay and Dal Nogare represent Christopher.

30. Haladay and Dal Nogare explained to officials at the Jail that they intended to meet with him regarding his incarceration and to arrange representation. They communicated that Christopher's wife had authorized them to contact Christopher as his attorneys. Initially, a front desk attendant confirmed to Dal Nogare that Christopher was being detained in the Jail.

31. Officer M. Secrease then represented to Haladay and Dal Nogare that Christopher was "not in their custody" and therefore they could not facilitate an attorney-client meeting with him. Officer Secrease gave Haladay and Dal Nogare a phone number with a 509 area code to contact a federal agency regarding Christopher's custody.

32. An observer witnessed a van with Washington license plates enter the Jail.

33. While the van was inside the facility, Haladay and Dal Nogare filed an emergency petition for mandamus at 5:04 pm, requesting that the First Judicial District Court order the County Attorney to allow them to meet with Christopher without delay.

34. The van was then observed exiting the Jail.

35. The detention lieutenant, Troy Christensen, approached Haladay and Dal Nogare outside of the Jail and informed them that Christopher was no longer in their custody. He stated that he had intentionally prevented Haladay and Dal Nogare from meeting with Christopher. He stated that he had contacted ICE about how to respond to the request and that ICE instructed him not to allow Haladay and Dal Nogare to meet with Christopher.

## LEGAL FRAMEWORK

36. On information and belief, Christopher was detained by the Helena Police Department and turned over to ICE based on his race and ethnicity in violation of the Fourth Amendment to the U.S. Constitution.

37. Specifically, Christopher was informed after being stopped by a Helena Police Officer that he was being detained because he met the description of two other individuals that the police officer was looking for and was subsequently turned over to ICE agents, who arrived on the scene in an unmarked vehicle and took custody of Christopher.

38. The Fourth Amendment prohibits detaining an individual absent reasonable suspicion that they committed a crime, or in the immigration context that they are present in the United States unlawfully.

39. On information and belief, Helena PD did not have a reasonable suspicion that Christopher was in the country unlawfully when they pulled him over, and subsequently detained him solely on the basis of his race and ethnicity. Upon information and belief, the Helena PD did not have probable cause to believe he was likely to escape before a warrant could be obtained for his arrest, in the event that officers later determined that he was in the United States unlawfully.

40. Any information Helena PD obtained about Christopher's immigration status during the stop was information that the officers would not have otherwise obtained without improperly profiling Christopher on the basis of his race and ethnicity.

41. Any information ICE agents obtained about Christopher as a result of the stop is information that the agents would not have otherwise obtained without the initial detention on the basis of Christopher's race and ethnicity.

42. Local and federal agents must have probable cause before they effectuate the arrest of an individual. *See Terry v. Ohio*, 392 U.S. 1, 38 (1968) ("The infringement on personal liberty of any 'seizure' of a person can only be 'reasonable' under the Fourth Amendment if we require the police to possess 'probable cause' *before* they seize him."); *Gonzalez v. United States Immigration and Customs Enforcement*, 975 F.3d 788, 819 (9th Cir. 2020) (applying *Terry* to immigration arrests). . An agent must obtain a warrant unless they "have reason to believe the person is likely to escape before a warrant can be obtained." *Id*. Furthermore, the agent must state that the person is under arrest and give the reason for the arrest. *Id*.

43. On information and belief, the Helena PD officers and ICE officers who detained Christopher lacked an independent reasonable suspicion or probable cause that he was in the country unlawfully, prior to his detention on the basis of his race and ethnicity.

## CLAIM FOR RELIEF

### COUNT ONE
**Violation of Fourth Amendment Right to Be Free From Unreasonable Seizures**

44. Christopher re-alleges and incorporates herein the allegations contained in paragraphs 1–43.

45. Helena PD and ICE detained Christopher on the basis of his race and ethnicity. Any subsequent information about his immigration status was obtained solely because of the unlawful stop.

46. Christopher's detention violates his Fourth Amendment right to be free from unreasonable seizures. U.S. Const. amend. IV.

## PRAYER FOR RELIEF

Wherefore, Petitioner Christopher Martinez Marvan respectfully requests this Court grant the following:

(1) Assume jurisdiction over this matter and direct Respondents not to transfer Petitioner out of this District during the pendency of these habeas proceedings, to preserve jurisdiction over this matter;

(2) Order Respondents to show cause why this Petition should not be granted within three days;

(3) Declare that Petitioner's detention violates the Fourth Amendment;

(4) Issue a Writ of Habeas Corpus ordering Respondents to immediately release Christopher Martinez Marvan;

(5) Award Petitioner attorneys' fees and costs under the Equal Access to Justice Act and on any other basis justified under law; and

(6) Grant any further relief this Court deems just and proper.

Dated: July 1, 2025                    Respectfully Submitted,

                                       /s/ Molly E. Danahy

                                       Molly E. Danahy
                                       Andres Haladay
                                       Rylee Sommers-Flanagan

Upper Seven Law
P.O. Box 31
Helena, MT 59624
(406) 998-6067

*Counsel for Petitioner*